UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ELISEO HERNANDEZ, | Case No. 18-CV-0812 (MJD/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAKOTA COUNTY DISTRICT COURT; JUDGE MICHELLE M. WAHI, Intervener; and MARY A. PFEIFER, | |
| Defendants. | |

Plaintiff Eliseo Hernandez alleges that his constitutional rights were infringed during the course of state-court child-custody proceedings. Hernandez applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

Based on its review of the IFP application, this Court concludes that Hernandez qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant files a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court

1

must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Hernandez's complaint is not long on detail. According to Hernandez, Judge Richelle M. Wahi, a district judge of the Dakota County District Court, State of Minnesota, presided over a temporary-custody hearing on November 29, 2017, during which "all parties in the matter where [sic] present and had the opportunity to make statements." Compl. at 6 [ECF No. 1]. After the hearing, Wahi issued an order dated December 4, 2017. *Id.* Little about the order is made clear in the complaint; the order, however, was adverse to Hernandez's interests and he alleges violated his constitutional rights. *Id.* Hernandez now seeks $1 million in monetary damages from Wahi, Dakota County, and defendant Mary A. Pfeifer (whose role in the events described above is not explained). *Id.* at 7.

There are at least two fatal problems with the complaint. First, the allegations are simply too vague to give rise to a viable cause of action. Although Rule 8(a)(2) of the

Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," more is needed than the entirely conclusory allegations provided by Hernandez. *See Iqbal*, 556 U.S. at 679. Nothing in the complaint indicates how, specifically, the order issued by Wahi might have violated Hernandez's constitutional rights. Indeed, the complaint is not even clear about the contents of Wahi's order. Hernandez's vague allegations are insufficient to put either the defendants or the Court on notice of the specific claims being raised.

Second, it is doubtful that Hernandez could proceed on claims of constitutional violations against the defendants, even if those claims had been adequately pleaded. Wahi, as a judge, is invested with absolute immunity for all judicial actions taken in her judicial capacity. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991). There is no question that Wahi's issuance of an order during the course of child-custody proceedings constitutes a judicial action. Further, the complaint makes clear that Wahi's actions were not taken in the absence of jurisdiction. *See* Compl. at 6. Wahi therefore may not be held liable for alleged constitutional violations stemming from the order. Nor may the Dakota County District Court — an arm of the State of Minnesota — be held liable for alleged constitutional violations under 42 U.S.C. § 1983, as the State of Minnesota is not a "person" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**RECOMMENDATION**

3

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Eliseo Hernandez [ECF No. 2] be DENIED.

Dated: March 27, 2018       s/ *Steven E. Rau*
                            Steven E. Rau
                            U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).